HARMON<br>v.<br>JUGE.

---

## WILLIAM H. COBB *v.* OWEN FRANKS et al.

The law gives to the District Court a discretion in granting a continuance, and judgment will not be reversed, because a continuance was refused, unless the erroneous exercise of that discretion is manifest.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. In this case, the counsel for defendants, in answer to a rule to show cause why the testimony of a witness, *Fitzpatrick*, taken under a commission, should not be read, in evidence:

" 1st. The commission is not duly executed according to law; in that, it does not appear that the witness came before the commissioner, and duly examined upon his corporeal oath, and that the testimony was reduced to writing by the commissioner; that the testimony appeared in the handwriting of the witness; that the testimony is not taken by regular examination in order of interrogatories, but the answers to direct interrogatories are separate from those to cross-interrogatories, and separately certified by the commissioner.

" 2d. That the *jurat* and return of commissioner, is not in accordance with law.

" 3d. That it does not appear that the commissioner, who signs himself as justice of the peace, was such officer at the time of his certificate.

" 4th. That there is no seal of commissioner attached."

The evidence was rejected in the district court. *Wolfe* and *Singleton*, for plaintiff. *Race* and *Foster*, for defendants. The judgment of the court was pronounced by

PRESTON, J. The plaintiff sues the defendants for the value of ten bales of cotton, which he alleges that he shipped on board their boat at Port Caddo, on Red River, to be freighted to New Orleans ; and that they did not deliver the same to the consignees, and have rendered no account of the cotton.

The plaintiff sustained his allegations by testimony, and obtained judgment, which must be confirmed, unless there be such errors in the progress of the suit

COBB
v.
FRANKS.

as require that the case should be remanded. When the case was called for trial, the counsel of the defendants applied for a continuance, on account of the absence of *Hudnell*, a material witness, for whom he had issued a subpœna.

From the institution of the suit until its trial, a period of nearly three months, it is proved that *Hudnell* was constantly employed as clerk of a steamboat in the Ouachita trade. The defendants, who had been served personally with process, had not communicated that fact to their agent or counsel in the city. They had, indeed, communicated to their counsel the place of his residence in the city; but that was calculated to lead him into the error, of supposing that he might ordinarily be found there, while on account of the trips of the boat on which he was employed, he could not ordinarily be there more than once in near two weeks.

We are compelled, with the district court, to consider him, as to this case, a transient person; and that the defendants were negligent in not communicating this fact to their agent or counsel, in order that his deposition might have been taken. If the precise facts which he could prove by the witness had been stated, and had been deemed very important, the plaintiff declining to admit them, perhaps the court might have exercised its discretion differently. But as the law gives to the district court a discretion as to granting a continuance, we cannot reverse a judgment, because it was not granted, unless the erroneous exercise of discretion is very manifest. 14 L. R. 141. 17 L. R. 379. *Hewlet* v. *Henderson*, 9 R. R. 151. That does not appear in the present case.

We are under the impression, that the objections to *Fitzpatrick's* testimony are not tenable; but it is unnecessary to examine them, as the plaintiff has made out his case by the testimony of other witnesses.

The judgment of the district court is affirmed, with costs.